MARK L. MILLER, (SBN: 171394)
LARISSA L. LAZARUS, (SBN: 250293)
LAW OFFICES OF MARK L. MILLER
2341 Jefferson Street, Ste. 100
San Diego, CA 92110
Phone: (619) 574-0551
Fax: (619) 574-6243
Email: larissa@millerlegalcenter.com

Attorneys for Plaintiffs
JAMES KAVANAGH and ROBIN KAVANAGH

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>CHRISTOPHER D. DOUGHERTY and NEREIDA I. DOUGHERTY,<br><br>Debtors.<br><br>JAMES KAVANAGH; ROBIN KAVANAGH,<br><br>Plaintiffs,<br><br>v.<br><br>CHRISTOPHER D. DOUGHERTY; NEREIDA DOUGHERTY,<br><br>Defendants. | Case No: 18-06051-LT11<br><br>**JAMES KAVANAGH AND ROBIN KAVANAGHS' COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBTS PURSUANT TO 11 U.S.C. SECTION 523(a)(2), 11 U.S.C. SECTION 523(a)(4), 11 U.S.C. SECTION 523(a)(6), 11 U.S.C. SECTION 523(a)(12) AND 11 U.S.C. SECTION 523(a)(19)**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**Judge: Honorable Laura Taylor** |

1

James Kavanagh and Robin Kavanagh by and through their attorneys, LAW OFFICES OF MARK L. MILLER, bring this Adversary Complaint against Debtors Christopher Dougherty and Nereida Dougherty.

## JURISDICTION

1. This is an adversary proceeding brought pursuant to Rule 7004(4) of the Fed. R. Bank. Procedure.
2. This Court has subject matter jurisdiction; and this matter is a core proceeding under 28 U.S.C. Section 157 and Section 1334.
3. Venue is proper in this Court pursuant to 28 U.S.C. Section 1409(a) because a bankruptcy case concerning the defendants is pending before this Court.

## PARTIES

4. Plaintiffs James and Robin Kavanagh ("PLAINTIFFS") are a married elder-couple. James Kavanagh is disabled. At all times mentioned herein, PLAINTIFFS were residents of San Diego County, California.
5. Christopher Dougherty and Nereida Dougherty ("DEFENDANTS"), are a married couple, who availed themselves of the United States Bankruptcy Code by initiating a Chapter 11 bankruptcy proceeding filed with this Court.
6. At all times mentioned in the Complaint, Debtor Christopher Dougherty held himself out to be a "certified and licensed" financial manager who would appropriately take and invest the PLAINTIFFS' retirement monies.

## GENERAL ALLEGATIONS

7. On October 09, 2018, Christopher D. Dougherty and Nereida I. Dougherty ("DEFENDANTS"), filed a voluntary petition for chapter 11 bankruptcy in this Court.
8. At all times mentioned herein, Christopher Dougherty and Nereida Dougherty owned, operated, managed and controlled C & N Wealth Management.

9. At all times mentioned herein, Christopher Dougherty and Nereida Dougherty owned, operated, managed and controlled C&D Professional Services, Inc.

10. At all times mentioned herein, Christopher Dougherty and Nereida Dougherty owned, operated, managed and controlled RD3, Inc.

11. At all times mentioned herein, Christopher Dougherty and Nereida Dougherty owned, operated, managed and controlled JTA Real Estate Holdings, LLC.

12. At all times mentioned herein, Christopher Dougherty and Nereida Dougherty owned, operated, managed and controlled JTA Farm Enterprises, LLC.

13. At all times mentioned herein, Christopher Doughtery and Nereida Dougherty owned, operated, managed and controlled JTA Cattle & Hay Broker Services.

14. At all times mentioned herein, Christopher Doughtery and Nereida Dougherty owned, operated, managed and controlled JTA Private.

15. Upon information and belief, Christopher Dougherty repeatedly lied about his "certification" as a financial manager.

16. At all times mentioned herein, Christopher Dougherty and Nereida Dougherty represented that they managed, contracted with, worked for, were employed by, were agents for and/or were acting on behalf of C & N Wealth Management, C&D Professional Services, Inc., TD Ameritrade, Fusion Capital Management, SagePoint Financial, RD3, Inc., JTA Real Estate Holdings, LLC, JTA Farm Enterprises, LLC, JTA Cattle & Hay Broker Services and JTA Private, among others.

17. At all times mentioned herein, Christopher Dougherty and Nereida Dougherty represented they were licensed to give financial advice.

18. DEFENDANTS entered into an agreement (hereinafter "Agreement") with PLAINTIFFS. The Agreement provided that DEFENDANTS would invest, sell and reinvest PLAINTIFFS' investment proceeds with PLAINTIFFS' approval.

19. DEFENDANTS entered into a "Non-Discretionary Investment Advisory Services" agreement (hereinafter "Agreement") with PLAINTIFFS. The Agreement provided that DEFENDANTS would invest, sell and reinvest PLAINTIFFS' investment proceeds with PLAINTIFFS' approval. However, DEFENDANTS utterly failed to abide by the Agreement.

20. Prior to filing the petition, DEFENDANTS deceived PLAINTIFFS into turning over, under the guise of "investing", $320,000 (hereinafter "investment. In truth, the DEFENDANTS wrongfully converted PLAINTIFFS' investment into personal and business expense funds for their own misuse without investing the money as agreed to and directed by PLAINTIFFS.

21. PLAINTIFFS continue to be part of an ongoing financial scam by the DEFENDANTS which continues beyond the date of this Bankruptcy filing. Since the filing of this Bankruptcy case, DEFENDANTS continue to contact and solicit funds from these, and other creditors, demanding more monies through the use of continued intimidation and fraud.

22. DEFENDANTS lured PLAINTIFFS into believing DEFENDANTS would invest their money into various financial vehicles, allowing the PLAINTIFFS to realize returns on their investment in the form of interest payments and capital growth over time.

23. DEFENDANTS lied.

24. PLAINTIFFS money was not invested into legitimate investment account(s) but rather was used for business expenses, credit card payments, vehicle expenses (car detailing, car repairs, uber), car payments, payroll expenses, insider payments, personal retirement accounts, travel, entertainment and payments to other "investors" creating a Ponzi scheme, among others.

///

4

JAMES AND ROBIN KAVANAGHS' COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF DEBTS

## FIRST CLAIM FOR RELIEF

**(Non-Dischargeability against the Christopher Dougherty and Nereida Dougherty Pursuant to 11 U.S.C. Section 523(a)(2)(A))**

25. PLAINTIFFS reallege and incorporate by reference all paragraphs mentioned in this Complaint as though fully set forth herein.

26. Pursuant to 11 U.S.C. Section 523(a)(2), a debtor is not discharged from debt "for money, property services or an extension, renewal, or refinancing of credit, to the extent obtained by (A) false pretenses, false representation, or actual fraud..."

27. Based upon the actions and false representations of DEBTORS, PLAINTIFFS were induced to and did, invest their funds with DEBTORS.

28. DEBTORS knew they were making false statements to the PLAINTIFFS.

29. DEBTORS made deceptive statements to the PLAINTIFFS.

30. DEBTORS intended to deceive the PLAINTIFFS.

31. PLAINTIFFS justifiably relied on the DEBTORS' statements when they invested money with the DEBTORS.

32. PLAINTIFFS damage was proximately caused by PLAINTIFFS reliance on the DEBTORS' statements and conduct.

///

///

///

///

## SECOND CLAIM FOR RELIEF

**(Nondischargeability against the Christopher Dougherty and Nereida Dougherty Pursuant to 11 U.S.C. Section 523(a)(4))**

33. PLAINTIFFS reallege and incorporate by reference all paragraphs mentioned in this Complaint as though fully set forth herein.

34. Pursuant to 11 U.S.C. Section 523(a)(4), a debtor is not discharged from debt, "for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny."

35. DEBTORS were acting as fiduciaries and owed a fiduciary duty and to act in good faith in the best interest of their clients PLAINTIFFS.

36. DEBTORS breached their fiduciary duty by using the PLAINTIFFS investment for purpose(s) other than those agreed upon by the PLAINTIFFS, thereby divesting PLAINTIFFS of their money.

37. DEBTORS entrusted their property to DEBTORS because they trusted DEBTORS and relied upon their representations, statements, writings and statements. DEBTORS fraudulently used PLAINTIFFS' money for their own benefit and deprived PLAINTIFFS of the use of their money.

38. As a result of DEBTORS' fraud and/or defalcation while acting in a fiduciary capacity and/or embezzlement and/or larceny, PLAINTIFFS' debt should be adjudicated non-dischargeable pursuant to 11 U.S.C. Section 523(a)(4).

**THIRD CLAIM FOR RELIEF**

**(Nondischargeability against the Christopher Dougherty and Nereida Dougherty Pursuant to 11 U.S.C. Section 523(a)(6))**

39. PLAINTIFFS reallege and incorporate by reference all paragraphs mentioned in this Complaint as though fully set forth herein.

40. Pursuant to 11 U.S.C. Section 523(a)(6), a debtor is not discharged from debt, "for willful and malicious injury by the debtor to another entity or to the property of another entity."

41. DEBTORS represented to PLAINTIFFS that their funds would be invested into tax free municipal bonds. DEBTORS further represented to PLAINTIFFS that the

accounting, paperwork, oral and written statements provided by DEBTORS were accurate and truthful.

42. DEBTORS' representations to PLAINTIFFS were false and were intended to fraudulently induce PLAINTIFFS to continue "investing" funds with DEBTORS.

43. DEBTORS actions were willful and malicious and were intended to injure PLAINTFFS by depriving PLAINTIFFS of their money.

44. As a result of DEBTORS' willful and malicious conduct, PLAINTIFFS' debt should be adjudicated non-dischargeable pursuant to 11 U.S.C. Section 523(a)(6).

## FOURTH CLAIM FOR RELIEF

**(Nondischargeability against the Christopher Dougherty and Nereida Dougherty Pursuant to 11 U.S.C. Section 523(a)(12)**

45. Plaintiffs reallege and incorporate by reference all paragraphs mentioned in this Complaint as though fully set forth herein.

46. Upon information and belief, DEBTORS' actions also "constitute malicious or reckless failure to fulfill any commitment by the debtor of a Federal depository institutions regulatory agency to maintain the capital of an insured depository institution…" as defined in 11 U.S.C. Section 523(a)(12).

47. As a result of DEBTORS' violation of 11 U.S.C. Section 523(a)(12), PLAINTIFFS have suffered damages in an amount not presently ascertained but believed to be in excess of $285,000 which should be exempt from discharge in the DEBTORS' bankruptcy.

48. Based on the foregoing violation of 11 U.S.C. Section 523(a)(12), PLAINTIFFS request that the debt owed to PLAINTIFFS be deemed non-dischargeable in DEBTORS' bankruptcy.

## FIFTH CLAIM FOR RELIEF

**(Nondischargeability against the Christopher Dougherty and Nereida Dougherty Pursuant to 11 U.S.C. Section 523(a)(19)**

49. Plaintiffs reallege and incorporate by reference all paragraphs mentioned in this Complaint as though fully set forth herein.

50. Pursuant to 11 U.S.C. Section 523(a)(19), a debtor is not discharged from debt, for violating Federal Securities law, state securities laws, or violation of any regulation within Federal Securities law and state securities laws. 11 U.S.C. Section 523(a)(19) holds a debtor is not discharged from debt for "common law fraud, deceit, or manipulation in connection with the purchase or sale of any security."

51. Upon information and belief, DEBTORS engaged in Securities Fraud in violation of Federal and State laws.

52. Based on the foregoing violation of 11 U.S.C. Section 523(a)(19), PLAINTIFFS request that the debt owed to PLAINTIFFS be non-dischargeable in DEBTORS bankruptcy.

**PRAYER FOR RELIEF**

PLAINTIFFS pray for judgement on the Complaint as follows:

1. Denial of Discharge of the Debt owed to PLAINTIFFS;
2. For interest on all amounts owed, attorneys' fees and costs as provided for by Contract, Statute, Equity and all other theories and as awarded by this Court; and
3. For such other and further relief as the Court deems just and proper.

LAW OFFICES OF MARK L. MILLER

Dated: January 5, 2019          **/S/ MARK L. MILLER**
                                _____
                                Mark L. Miller, Esq. for PETITIONER

8
JAMES AND ROBIN KAVANAGHS' COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF DEBTS